USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, AMERICAN PETROLEUM INSTITUTE, NATIONAL MINING ASSOCIATION, and THE BUSINESS COUNCIL OF NEW YORK STATE, INC., <br><br> *Plaintiffs,* <br><br> -against- <br><br> LETITIA JAMES, in her official capacity as New York Attorney General, and AMANDA LEFTON, in her official capacity as Acting Commissioner of the New York Department of Environmental Conservation, <br><br> *Defendants.* | 1:25-cv-01738-MKV <br><br> <u>OPINION & ORDER GRANTING MOTION TO TRANSFER</u> |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs the Chamber of Commerce of the United States of America (the "U.S. Chamber"), the American Petroleum Institute ("API"), the National Mining Association ("NMA"), and The Business Council of New York State, Inc. ("BCNYS"), bring suit against Defendants Letitia James, in her official capacity as Attorney General of the State of New York, and Amanda Lefton, in her official capacity as Acting Commissioner of the New York State Department of Environmental Conservation ("DEC"), for declaratory and injunctive relief from the Climate Change "Superfund" Act, S.2129B, Chapter 679, Laws of 2024 (the "Act"). [ECF No. 1 ("Compl.")] ¶¶ 13, 234, 239. The Act requires certain energy producers outside of New York to pay "cost recovery demand[s]" based on their greenhouse gas emissions to the State of New York to fund New York's newly created "climate change adaptive infrastructure fund." Compl. ¶ 5. Plaintiffs allege that the Act as amended by recently passed S.824 is "unconstitutional and a violation of federal law." Compl. ¶ 6.

1

This action is one of several suits challenging the Act.  Prior to the commencement of this action, West Virginia joined twenty-one other states and four business associations to file an action in the Northern District of New York on February 6, 2025.  *See* Compl., *West Virginia v. James*, No. 1:25-cv-00168 (N.D.N.Y. Feb. 6, 2025).  The plaintiffs in *West Virginia v. James* named Attorney General Letitia James, Acting Commissioner Lefton, and Acting Tax Commissioner of the New York State Department of Taxation and Finance, Amanda Hiller as defendants.  *Id*.  Thereafter, the United States of America and The United States Environmental Protection Agency filed an action, No. 1:25-cv-03656, in the Southern District of New York.  *See* Compl., *United States v. New York*, No. 1:25-cv-03656 (S.D.N.Y. May 1, 2025).  The plaintiffs in *United States v. New York* also named Attorney General James and Acting Commissioner Lefton as well as Governor of New York, Kathleen Hochul as defendants.  *Id.*

Defendants now move the Court to transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a) based primarily on the assertion that this case is related to *West Virginia v. James*.  [ECF No. 33, 34 ("Def. Br.")].  Plaintiffs filed an opposition to the motion, [ECF No. 37 ("Pl. Opp.")], and Defendants subsequently filed a reply [ECF No. 42 ("Def. Reply")].[1]  For the reasons set forth below, Defendant's motion to transfer is GRANTED.

## DISCUSSION

28 U.S.C. § 1404(a) authorizes the Court to transfer "any civil action to any other district where it might have been brought" if transfer serves "the convenience of parties and witnesses" and is "in the interests of justice."  *See, e.g.*, *Guardian Life Ins. Co. of America v. Coe*, 724 F. Supp. 3d 206, 212 (S.D.N.Y. 2024).  In ruling on a motion to transfer the analysis is two-fold.  *Id.*;

---

[1] The defendants in *United States v. New York* also moved to transfer the case to the Northern District of New York. Motion to Transfer, *United States v. New York*, No. 1:25-cv-03656 (S.D.N.Y. June 13, 2025) [ECF No. 31]. The Court in that case denied the motion. *See* Opinion and Order, *United States v. New York*, No. 1:25-cv-03656 (S.D.N.Y. August 4, 2025) [ECF No. 50].

2

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.*, LLC, 450 F.3d 100, 106 (2d Cir. 2006).  First, the Court determines whether the action could have been brought in the proposed district.  *Oparaji v. New York City Dep't of Educ.*, 172 F. App'x 352, 354 (2d Cir. 2006) (summary order) (quoting 28 U.S.C. § 1404(a)) ("[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")); *Guardian Life*, 724 F. Supp. 3d at 212.  Second, the Court determines whether Defendants have shown by "clear and convincing evidence" that the interests of justice and convenience of the parties and witnesses will be served by the transfer.  *Id.*  at 213 (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. America, Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).  A court's decision whether to transfer under Section 1404(a) is within the discretion of the Court.  *See Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).

First, pursuant to Section 1404(a), an action might have been brought in another forum if, when the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and the venue would have been proper in the transferee court.  *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.*, LLC, 450 F.3d 100, 106 (2d Cir. 2006); *Guardian Life*, 724 F. Supp. 3d at 213; *Chet Baker Enters., L.L.C. v. Fantasy, Inc.*, 257 F. Supp. 2d 592, 596 (S.D.N.Y. 2002). As an initial matter, the parties do not dispute that Plaintiffs could have brought this action in the Northern District of New York.  Def. Reply at 1; *See* Pl. Opp.  The State resides in the Northern District and so is subject to personal jurisdiction, and venue is proper there.  Def. Br. at 9; *See* 28 U.S.C. § 1391(b)(1).

Second, to determine whether interests of justice and convenience of the parties and witnesses will be served by the transfer, the Court considers the following factors: (1) the weight

accorded to plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with governing law, and (9) judicial economy and the interests of justice, based on the totality of the circumstances.  *See, e.g.*, *Schweitzer v. Nevels*, 669 F. Supp. 3d 242, 247 (S.D.N.Y. 2023).   Here, these factors weigh in favor of transfer.   Moreover, the "first-filed" rule counsels that this suit should be transferred to the district of the first-filed suit, *West Virginia*. *See, e.g.*, *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008).

## I.    Plaintiff's Choice of Forum

A plaintiff's choice of forum is "presumptively entitled to substantial deference."  *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004).   However, courts apply this presumption with less force where the "forum chosen is not the plaintiff's home forum."  *Kiss My Face Corp. v. Bunting*, No. 02CIV2645 (RCC), 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003); *see also Columbia Pictures Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 310 (S.D.N.Y. 2006).   Still, where a plaintiff has ongoing business activity in the chosen forum, its choice of forum is given "more deference than it would if the connection to this forum were truly *de minimis*."   *AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004).

Here, none of the Plaintiffs has its principal place of business in the Southern District and the only Plaintiff at home in New York, BCNYS, is headquartered in Albany. Def. Br. at 15; Pl. Opp. at 14.   Accordingly, the Plaintiffs' choice of forum is entitled to only slight deference. However, both the U.S. Chamber and the BCNYS maintain offices in Manhattan and regularly do business in the Southern District. *See* Pl. Opp. at 14.   Plaintiffs chose to bring suit in the Southern

District because of these two offices in Manhattan and the relative convenience of travel for the three D.C.-based Plaintiffs. *See* Pl. Opp. at 14–15. As such, their choice must be given some deference. *See Tomita Techs. USA*, 818 F. Supp. 2d at 772 (holding that courts give greater deference to choices of forum "legitimate reasons" as opposed to "tactical advantage" and "[l]egitimate reasons for choosing a forum include 'the plaintiff's residence in relation to the forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense.'"). Accordingly, this factor weighs only slightly against transfer.

## II.    Convenience to Witnesses

In arguing the convenience of witnesses, a movant must typically "clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *Wistron Neweb Corp. v. Genesis Networks Telecom Servs., LLC*, No. 22-CV-2538 (LJL), 2022 WL 17067984, at *6 (S.D.N.Y. Nov. 17, 2022). However, where the movant "seeks a transfer 'on account of' several factors, his failure to specify key witnesses and their testimony is not fatal." *Beckerman v. Heiman*, No. 05 Civ. 5234(BSJ)(GWG), 2006 WL 1663034, at *5 (S.D.N.Y. June 16, 2006) (quoting *Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 455 (E.D.N.Y. 1987)). In assigning weight to this factor, "the Court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Wistron Neweb Corp.*, 2022 WL 17067984, at *6.

Here, Defendants suggest that the potential witnesses in this case are DEC employees who will conduct the "research, data review and . . . analysis necessary to enforce the act." *See* Def. Br. at 13; Def. Reply at 9-10. Plaintiffs argue that their action "raises purely legal questions that can be decided at summary judgment," and so the convenience of "hypothetical witnesses is not

relevant to the analysis." Pl. Opp. at 16.  Indeed, the constitutional challenges brought by Plaintiffs render this factor "less significant than in cases where witness testimony will undoubtedly be required." *Nuss v. Guardian Life*, No. 1:20-CV-9189-MKV, 2021 WL 1791593, at *4 (S.D.N.Y. May 5, 2021).  However, at this stage in the litigation, the Court is not prepared to assume that no witness testimony will be needed.  *See id.*  Witnesses may well be needed to testify to factual questions since Plaintiffs appear to make some "as applied" challenges to the law, they argue about the Act's legislative history, and seek an injunction barring enforcement of the Act against their members when the DEC has not yet promulgated the regulations enforcing the Act against particular entities. *See id.*; Compl. ¶¶ 74, 76, 237, 239; Def. Reply at 8–9.  All identified potential witnesses are based in the Northern District, which weighs in favor of transfer.  *See* Def. Reply at 9.  However, as noted by the court in *United States v. New York*, the two districts are contiguous, and the relevant courthouses are just a couple hundred miles apart.  *See* Opinion and Order, *United States v. New York*, No. 1:25-cv-03656 (S.D.N.Y. August 4, 2025).  Accordingly, this factor weighs only slightly in favor of transfer.

### III.    Convenience to Parties

Consideration of the convenience of parties generally "favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant."  *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014) (citing *Royal Ins. Co. of America v. Tower Records, Inc.*, No. 02 Civ. 2612, 2002 WL 31385815, at *6 (S.D.N.Y. Oct. 22, 2002)).  This factor is neutral, however, when "transferring venue would

merely shift the inconvenience to the other party." *Id.* (quoting *AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*, 675 F. Supp. 2d 354, 370 (S.D.N.Y. 2009)).

Defendants contend that the Northern District is more convenient for Defendants and the single Plaintiff headquartered in Albany.  Def. Br. at 13.  However, the rest of the Plaintiffs are headquartered in the District of Columbia.  Def. Br. at 14.  Defendants argue that any marginal increased inconvenience for the D.C-based Plaintiffs if the case were to be transferred is mitigated because they will need to travel regardless of the outcome of the transfer motion. Def. Reply at 9. But Plaintiffs U.S. Chamber and BCNYS both have offices with the Southern District from which they could more easily litigate this case, and the D.C. Plaintiffs assert that they could more easily travel by train to Manhattan than flying further to the Northern District. *See* Pl. Opp. at 9, 14.  The Court notes that there is, of course, train service that continues on from Manhattan to Albany. Moreover, Defendant James has principal offices in Albany and in Manhattan and has previously referred to the Southern District as her "home forum." Pl. Opp. at 14 (citing Plaintiff's Memorandum in Opposition to Defendant's Motion to Transfer, *New York v. Amazon.com Inc.*, No. 21-cv-01417, 2021 WL 12185065 (S.D.N.Y.)).[2]

Based on these facts transferring venue would only shift the inconvenience from one party to the other. As such, this factor is neutral.  *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 440 (S.D.N.Y. 2018); *Liberty Mut. Ins.*, 17 F. Supp. 3d at 399.

## IV.    Trial Efficiency and the Interests of Justice

It is well-established that where a movant seeks to transfer an action to a forum in which a related action is pending, this "weighs heavily towards transfer.*" Allied World Surplus Lines Ins.*

---

[2] Furthermore, *West Virginia v. James* is before Judge Sannes, who sits in Syracuse.  Pl. Opp. at 15. If the purpose of transfer sought would be to litigate the two related cases before the same judge, the Defendants have failed to show that Syracuse, where no party resides, is more convenient than Manhattan.  *See* Def. Br. at 1.

*Co. v. Elamex USA, Corp.*, No. 23-CV-9992 (LJL), 2024 WL 2212948, at \*9 (S.D.N.Y. May 16, 2024) (quoting *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999)); *Cain v. Twitter, Inc.*, No. 17 CIV. 122 (PAC), 2017 WL 1489220, at \*3 (S.D.N.Y. Apr. 25, 2017) ("[O]ne of the most important factors considered by courts in evaluating a motion to transfer is the existence of similar litigation in the transferee district.").  Indeed, the factor "may be determinative."  *Williams v. City of New York*, No. 03 CIV. 5342 (RWS), 2006 WL 399456, at \*3 (S.D.N.Y. Feb. 21, 2006) (transferring a case from the Southern District of New York to the Eastern District of New York when there existed a related case in the Eastern District); *see, e.g. Goggins v. All. Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228 (S.D.N.Y. 2003) ("Concerns over judicial efficiency outweigh all other factors in this case, and are dispositive of the issue."); *Certain Underwriters at Lloyd's, London v. Clean Pro Carpet & Upholstery Care, Inc.*, No. 21 CIV. 5591 (AT), 2021 WL 5234494 (S.D.N.Y. Nov. 9, 2021) (finding that "the need for efficiency and the interests of justice outweigh the other factors").

Plaintiffs argue that this case is not related to *West Virginia v. James* claiming the parties are different, the claims are different, and the requested relief is different.  Pl. Opp. at 9.  To be related, however, cases need not be identical but "substantially similar," and courts in this district often grant transfer on relatedness grounds while acknowledging differences between cases.  *See, e.g. Columbia Pictures Indus., Inc*, 447 F. Supp. 2d at 310 (finding cases related where theories of liability and relevant factual circumstances were "substantially similar" despite a difference in defendants); *Widakuswara v. Lake*, No. 25-CV-2390 (JPO), 2025 WL 1020231, at \*2 (S.D.N.Y. Apr. 4, 2025) (finding cases related where there is "significant overlap of facts, claims, and defendants" despite the existence of an additional constitutional claim); *Goggins*, 279 F. Supp. 2d

at 234 (finding cases related due to "substantial overlap" in allegations and reliance on the same facts even where plaintiffs were different).

This case is substantially similar to *West Virginia v. James*. While several of the plaintiffs in *West Virginia v. James* are sovereign states, the four business organization plaintiffs represent energy producers, just like the Plaintiffs in this case. *See* Compl. ¶¶ 14–17; Am. Compl. at ¶¶ 40–44, *West Virginia*, No. 1:25-cv-00168 (N.D.N.Y. April 7, 2025). In both cases, the business association plaintiffs assert associational standing. *See* Compl. ¶ 18; Am. Compl. ¶ 80, *West Virginia*, No. 1:25-cv-00168. In fact, the business association plaintiffs in each case have substantial overlap in membership. *See* Def. Reply at 4. Accordingly, some of the plaintiffs in these cases are representing the very same interests.

The *West Virginia* plaintiffs also raise identical claims to those claims raised in this case, all asserting that the Act is unconstitutional or precluded by the Clean Air Act. Specifically, both actions bring claims alleging that the Act is generally preempted by the U.S. Constitution, the Act is preempted by the federal Clean Air Act, the Act violates the federal Commerce Clause, the Act violates the federal Due Process Clause, the Act violates the federal Eighth Amendment Excessive Fines Clause, and the Act violates the federal Takings Clause. *See* Compl. ¶¶ 97–224; Am. Compl. ¶¶ 166–179, 194-215, *West Virginia*, No. 1:25-cv-00168. While the *West Virginia v. James* plaintiffs bring three additional claims, two of those additional claims—the New York State Constitution Due Process and Takings Clause claims—will require largely the same analysis as the federal Due Process and Takings Clause claims brought in both cases. *See, e.g.*, *Jones v. City of Mount Vernon*, No. 22-CV-414 (NSR), 2025 WL 370631, at *5 (S.D.N.Y. Feb. 3, 2025) (the New York State Constitution's due process protections are "coextensive" with those arising under the United States Constitution, so when "a Court concludes that a plaintiff's federal due process

rights were not violated, the conclusion that a plaintiff's New York due process rights were likewise not violated follows."); *DoorDash, Inc. v. City of New York*, 692 F. Supp. 3d 268, 295 (S.D.N.Y. 2023) ("The guarantee against Takings provided by the New York Constitution is generally treated as coextensive to that of the U.S. Constitution.").

The Plaintiffs in this action argue that the relief they seek is "narrower" than the relief sought by the *West Virginia* plaintiffs because here plaintiffs seek to prevent the Act from being enforced against their members, while the *West Virginia* plaintiffs seek to enjoin any enforcement. Pl. Opp. at 11.  However, the requested injunctions in both cases depend largely on the same legal theories, as explained above.  Moreover, if this matter is transferred, the Chamber will not be responsible for proving the West Virginia plaintiffs' case, so the relief those plaintiffs seek does not impact the Chamber.  Moreover, Plaintiffs cite to no support for the proposition that two cases seeking to enjoin the enforcement of a law, but with slightly different breadth, are not related.

The central issues of the two cases are substantially similar such that it would be inefficient and unnecessarily burdensome to litigate them in two separate courts.[3]  These cases are related and, accordingly, the interests of justice weigh heavily in favor of transfer.

## V.    Remaining Factors

The remaining factors in the analysis are neutral.  Though the law was drafted and passed in the Northern District, Plaintiff's claims address penalties imposed for actions across the United States and as such, there is no clear locus of operative facts in either district.  *See Atl. Recording*

---

[3] This decision can be distinguished from the Court's previous decision declining to find *United States v. New York* related to this case and from the recent decision in *United States v. New York* denying the motion to transfer.  Most significantly, in *United States v. New York*, the plaintiffs were federal government entities, whereas here and in *West Virginia*, several of the plaintiffs are business organizations seeking to represent the same private interests and facing the same standing issues.  Also, as explained above there is in essence, one legal issue that does not overlap between this case and *West Virginia*, whereas there are several legal issues that are not common to the *United States v. New York* case and this case.

*Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009) (finding the locus of operative fact factor was neutral where there are multiple loci of operative fact). The parties are similarly sophisticated litigants, and since the Plaintiffs do not suggest that litigating in the Northern District would be unduly burdensome, the relative means of the parties is a neutral factor. *See* Def. Br. at 16; Pl. Opp. at 19; *Manchin v. PACS Grp., Inc.*, No. 24-CV-8636 (LJL), 2025 WL 1276569, at *13 (S.D.N.Y. May 1, 2025); *Kaufman v. Salesforce.com, Inc.*, No. 20CV06879JPCSN, 2021 WL 1687378, at *11 (S.D.N.Y. Apr. 29, 2021), *aff'd*, No. 20CIV6879JPCSN, 2021 WL 2269552 (S.D.N.Y. June 3, 2021). The parties agree that both forums have familiarity with governing federal law. *See* Def. Br. at 16; Pl. Opp. at 19; *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 CIV. 10529 (AT), 2023 WL 35028, at *6 (S.D.N.Y. Jan. 4, 2023). They also agree that there is little risk of unwilling witnesses. *See* Def. Br. at 15; Pl. Opp. at 18; *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 580 (S.D.N.Y. 2015). Finally, given modern technology and the availability of evidence digitally, the location of documents is not a relevant consideration. *See Manchin*, 2025 WL 1276569, at *13 (collecting cases).

## VI.    The First-Filed Rule

Pursuant to the "first-filed" rule, "where there are two competing lawsuits, the first suit should have priority." *See Emps. Ins. of Wausau*, 522 F.3d at 274–75 (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989)). The "first-filed" rule creates a presumption that a second-filed related case should be transferred absent a finding that (1) the "balance of convenience" favors the second-filed action, or (2) " 'special circumstances' warrant giving priority to the second suit." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted) ("We have recognized only two exceptions to the first-filed rule: (1) where the "balance of convenience" favors the second-filed action, . . . and (2) where "special

circumstances" warrant giving priority to the second suit. . . ."); *Oleg Cassini, Inc. v. Serta, Inc.*, 11 Civ. 8751 (PAE), 2012 WL 844284, at \*3 (S.D.N.Y. March 13, 2012) ("[I]ssues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests")' *American Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. America, Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), *aff'd sub nom. N.Y. Marine & Gen. Ins. Co. v. Lafarge N. America, Inc.*, 599 F.3d 102 (2d Cir. 2010) (The first-filed doctrine "does not supersede the inquiry into the balance of convenience required under § 1404(a)" and the factors applied are "essentially the same").  As explained above, this case is substantially similar to *West Virginia*, which was filed prior to this case.  *See supra* Section IV; *Compare* [ECF No. 1 ("Compl.")] *with* Compl., *West Virginia v. James*, No. 1:25-cv-00168 (N.D.N.Y. Feb. 6, 2025). The balance of convenience factors "are essentially the same" as those analyzed here pursuant to 28 U.S.C. § 1404(a) which in favor of transfer and no party has argued that any "special circumstances" apply.  *See Emps. Ins. of Wausau*, 522 F.3d at 275.  Accordingly, if the "first-filed" rule is applied, there is an unrebutted presumption for transfer, and, as demonstrated above, even without applying of the "first-filed" rule, the Section 1404(a) factors weigh in favor of transfer.

## <u>CONCLUSION</u>

Accordingly, on balance, it is in the interests of justice to transfer this action to the Northern District. The Defendants' motion is GRANTED.

**SO ORDERED.**

**Date:  September 8, 2025**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge